UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

GILBERT PADILLA, individually and
on behalf of all others similarly situated,                Civ. No.:

                Plaintiff,

v.

CALIPER BUILDING SYSTEMS, LLC,
JMC CONTRACTING, LLC, and
JOSÉ MERINO,

                Defendants.

---

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Gilbert Padilla ("Plaintiff"), individually and on behalf of other similarly situated individuals, states as follows for his Complaint against Caliper Building Systems, LLC ("Defendant Caliper"), JMC Contracting, LLC and José Merino ("Merino") ("Defendants").

## PRELIMINARY STATEMENT

1. This is a putative class and collective action brought by Plaintiff individually and on behalf of all others similarly situated. Plaintiff, and others similarly situated, worked for Defendants in positions such as construction workers, machine operators, carpenters, or in similar construction labor positions (collectively "laborers"), and were denied proper compensation as required by federal and state wage and hour laws.

2. Defendants failed to pay Plaintiff and others similarly situated properly for the overtime hours they worked. Specifically, Defendants denied them one and one-half

(1.5) times their regular rate of pay for all hours worked over forty (40) and forty-eight (48) in a workweek. Instead, Defendants paid them only their "straight time" hourly rate, with no overtime premium.

3. Plaintiff seeks overtime compensation for hours worked over forty (40) in a workweek pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In accordance with § 216(b) of the FLSA, Plaintiff brings this case as a putative collective action.

4. Plaintiff seeks overtime compensation for hours worked over forty-eight (48) in a workweek pursuant to the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, *et seq.* ("MFLSA"). Plaintiff brings this claim as a putative Rule 23 class action.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA. Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the District of Minnesota.

6. This Court has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims, as the state and federal claims derive from a common nucleus of operative fact.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

**THE PARTIES**

8. Plaintiff Gilbert Padilla resides in Brooklyn Park, Minnesota. He worked for Defendants as a laborer in Minnesota from approximately October 2017 to approximately June 2019.

9. Defendant Caliper Building Systems, LLC functions as a subcontractor providing installed material packages for commercial, multifamily, and military construction projects throughout the Midwest and Western United States. Defendant Caliper's scope of work includes, for example, framing, exterior siding and trim, roofing, and interior trim.

10. Upon information and belief, Defendant Caliper contracts with labor brokers to staff its construction projects with labor. Defendant Caliper pays its laborers through these brokers.

11. One such labor broker is Defendant JMC Contracting, LLC. Defendant JMC Contracting, LLC is a Minnesota company that provides labor for construction projects.

12. Defendant José Merino owns and operates Defendant JMC Contracting, LLC. Upon information and belief, Defendant Merino is an adult resident of the state of Minnesota.

13. Upon information and belief, Defendants have annual gross volume of sales made or business done of $500,000 or greater in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

14. Plaintiff and others similarly situated were or are "employees" of Defendants within the meaning of the FLSA and were engaged in interstate commerce as defined by section 207(a)(1).

15. Defendants are covered employers as defined by 29 U.S.C. § 203(d).

16. Defendants have employed two or more persons, including Plaintiff, who are or were "engaged in commerce or in the production of goods for commerce," or have had "employees handling, selling, or otherwise working on goods or materials that have been moved and/or produced for commerce by any person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

17. In performing construction work for Defendants, Plaintiff, and others similarly situated, used goods and materials that moved in commerce in the form of, for instance, building materials.

## COLLECTIVE AND CLASS ACTION DEFINITION

18. Plaintiff seeks to represent himself and the following putative "FLSA Collective" and "Minnesota Rule 23 Class":

> All hourly laborers who worked for Defendant Caliper Building Systems, LLC, through Defendant JMC Contracting, LLC and/or Defendant Merino, at any time within three years prior to the filing of the Complaint to the date of final judgment.

## GENERAL FACTUAL ALLEGATIONS

19. Plaintiff and others similarly situated worked for Defendants as laborers within the past three years. They performed work that included, for instance, the

4

installation of drywall and trim, framing, roofing, and siding in commercial and multi-unit residential buildings.  The laborers' work was integral to Defendants' business.

20. Plaintiff, and others similarly situated, were hired and paid by Defendant Merino and/or Defendant JMC Contracting, LLC, to perform work for Defendant Caliper.

21. Defendant Merino and/or Defendant JMC Contracting, LLC, set Plaintiff's pay rate, subjecting him, and others similarly situated, to the same non-negotiable pay rates and structure.

22. Despite Defendant Merino and/or Defendant JMC Contracting, LLC's, involvement in hiring and paying laborers, Defendant Caliper was primarily involved in, and responsible for, directing and supervising their work.

23. Plaintiff and those similarly situated were required to follow detailed requirements imposed on them by Defendant Caliper, regarding the manner in which they completed their work.

24. Specifically, at work sites, Defendant Caliper's foremen directed and inspected laborers' work to ensure that it complied with Defendant Caliper protocols and specifications.  Defendant Caliper's foremen directed laborers as to what work to perform, when to perform the work, where to work, and determined which laborers were assigned to which work throughout the workday.

25. Defendants also provided the equipment and materials for laborers to perform the duties it required.  For example, Defendants provided scaffolding, saws, harnesses, ladders, extension cords and other materials Plaintiff and other laborers used when performing their job duties.

26. Defendant Merino and/or Defendant JMC Contracting, LLC, informed laborers of their work assignments and locations. Laborers were not provided the opportunity to decline work.

27. Laborers were required to work scheduled days and hours. For example, Defendants often required Plaintiff and other laborers to work ten (10) hours per day, five (5) days per week.

28. Laborers were paid on an hourly basis. For example, Plaintiff was paid $18 per hour.

29. Defendants required Plaintiff and those similarly situated to record their work hours in a logbook, which was ultimately submitted by Defendant Merino and/or Defendant JMC Contracting, LLC to Defendant Caliper. Defendant Caliper also required Plaintiff and those similarly situated to record their hours worked on a daily timesheet.

30. Plaintiff and other laborers routinely worked over forty (40) and forty-eight (48) hours in a workweek but were only paid a straight time hourly wage for overtime hours worked. They did not receive one and one-half times (1.5) their regular hourly rate when they worked overtime hours.

31. Plaintiff routinely worked approximately between 50 and 60 hours in a workweek on average. For example, during the workweek beginning June 3, 2019, Plaintiff estimates that he worked approximately 50 hours.

32. Defendants paid Plaintiff straight time for his hours worked and did not compensate him with any overtime premium during this workweek, or in any other workweek throughout the duration of his employment with Defendants.

33. Defendants were aware that Plaintiff, and others similarly situated, worked over forty (40) and/or forty-eight (48) hours per week and were not paid overtime, because Defendants scheduled and required them to complete assignments that resulted in overtime hours worked. Defendants were also aware of the hours Plaintiff and others similarly situated worked, because upon information and belief, they required them to record and submit their hours for payment.

34. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff, and others similarly situated, all the wages they were owed.

## COLLECTIVE ACTION ALLEGATIONS

35. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff seeks to certify the putative FLSA Collective defined above as a collective action.

36. Plaintiff's consent form is attached as Exhibit A. Several additional laborers have also signed consent forms to opt-in to this action, which are attached as Exhibit B. As this case proceeds, it is likely other individuals will join as opt-in Plaintiffs.

37. Upon information and belief, Defendants knew that Plaintiff, and others similarly situated, performed work that required overtime pay. Defendants operated under a scheme to deprive these workers of their legally owed overtime compensation.

38. Defendants are jointly liable under the FLSA for failing to properly compensate Plaintiff, and other similarly situated, their overtime premiums.

39. There are numerous similarly situated persons who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of court-

supervised notice of this lawsuit and being given the opportunity to join. Others similarly situated are known to Defendants and should be readily identifiable through Defendants' records.

## MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS

40. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff seeks to certify the claims of the putative Minnesota Rule 23 Class defined above as a class action.

41. The putative Minnesota Rule 23 Class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined, on information and belief, at least 50 individuals worked in the putative Minnesota Rule 23 Class during the applicable statute of limitations period. Plaintiff, and the putative Minnesota Rule 23 Class have been equally affected by Defendants' violations of law.

42. There are questions of law and fact common to the putative Minnesota Rule 23 Class that predominate over questions solely affecting individuals, including but not limited to the following:

  a. Whether Defendants violated Minnesota law for failing to pay Plaintiff and the putative Minnesota Rule 23 Class overtime premiums;

  b. Whether Defendants failed to keep the appropriate pay and hours related records for Plaintiff and the putative Minnesota Rule 23 Class.

  c. Whether Defendants' conduct was willful and/or in good faith; and

  d. The proper measure and calculation of damages.

43. Plaintiff's claims are typical of the putative Minnesota Rule 23 Class. Plaintiff, like other members of the putative Minnesota Rule 23 Class, had the same job and was paid the same way alleged to be unlawful in the Complaint.

44. Plaintiff will fairly and adequately protect the interests of the putative Minnesota Rule 23 Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

45. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs often lack the financial resources to vigorously prosecute separate lawsuits in federal court against defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

46. Plaintiff intends to send notice to all members of the putative Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I – OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.*
*On Behalf of Plaintiff and the Putative FLSA Collective*

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. The FLSA requires employers to pay non-exempt employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 U.S.C. § 207.

49. Plaintiff and the putative FLSA Collective were or are employees of Defendants within the meaning of the FLSA.

50. Defendants are or were employers of Plaintiff and the putative FLSA Collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

51. When Defendant paid Plaintiff and the FLSA Collective straight time, rather than the required one and one-half times their regular hourly rate for hours worked over forty (40) per week, Defendants violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

52. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and the putative FLSA Collective to suffer loss of overtime wages and interest thereon.

53. Defendants knew, or showed reckless disregard for the fact, that Plaintiff and the putative FLSA Collective were not being paid proper overtime compensation in violation of the FLSA.

54. Upon information or belief, Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. As a result, Plaintiff and the putative FLSA Collective are entitled to recover liquidated damages in an amount equal to unpaid overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Plaintiff and the putative FLSA

Collective are not entitled to liquidated damages, then they are entitled to prejudgment interest at the applicable legal rate.

55. Plaintiff, and the putative FLSA Collective, also seek attorneys' fees and costs from Defendants, as provided by the FLSA in section 216(b).

### COUNT II – OVERTIME WAGES
### MN FAIR LABOR STANDARDS ACT — MINN. STAT. § 177.21, *et seq.*
### *On Behalf of Plaintiff and the Putative Minnesota Rule 23 Class*

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Plaintiff and the putative Minnesota Rule 23 Class were or are employees of Defendants and Defendants were or are their employers. *See* Minn. Stat. §§ 177.23. and 181.171, subd. 4.

58. The MFLSA, Minn. Stat. § 177.25, requires employers to pay non-exempt employees one and one-half 1.5 times the regular rate of pay for all hours worked over forty-eight (48) per workweek.

59. Defendants suffered and permitted Plaintiff and the putative Minnesota Rule 23 Class to routinely work more than forty-eight (48) hours in a workweek without proper overtime compensation as required by the MFLSA.

60. Defendants knew or showed reckless disregard for the fact that they failed to pay these individuals overtime compensation, constituting a willful violation of the MFLSA.

61. Defendants' failure to comply with the MFLSA overtime protections caused Plaintiff and the putative Minnesota Rule 23 Class to suffer loss of wages and interest thereon.

62. Plaintiff and the Minnesota Rule 23 Class are entitled to unpaid overtime, liquidated damages, and attorneys' fees and costs under the MFLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of others similarly situated, prays for relief as follows:

1. Certification of a collective action pursuant to the FLSA;

2. Certification of a class action under the MFLSA pursuant to Fed. R. Civ. P. 23;

3. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

4. The appointment of Plaintiff as class representative and his counsel as class counsel;

5. Judgment against Defendants for failing to pay overtime owed under the FLSA and MFLSA;

6. An award of overtime wages;

7. An award of liquidated damages;

8. A finding that Defendants' violations were willful and/or not in good faith;

9. An award of any pre- and post-judgment interest;

10. An award of reasonable attorneys' fees and costs; and

11. Such further relief as may be appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of others similarly situated, demands a trial by jury.

Dated: March 4, 2020                                NICHOLS KASTER, PLLP

*/s/ Michele R. Fisher*
Michele R. Fisher, MN Bar No. 303069
fisher@nka.com
Jay E. Eidsness, MN Bar No. 0395347
jeidsness@nka.com
4600 IDS Center, 80 S. 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

ATTORNEYS FOR PLAINTIFF AND OTHERS SIMILARLY SITUATED